O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2844 AHM (FFMx) | Date | February 3, 2010 |
|---|---|---|---|
| Title | EVERPURE, LLC v. SELECTO, INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

Plaintiff Everpure, LLC ("Everpure") is a Delaware corporation with its principal place of business in Illinois. (Compl. ¶ 1.) Defendant Selecto, Inc. ("Selecto") is a Georgia corporation with its principal place of business in Georgia. (*Id.* ¶ 2.) Everpure filed a complaint in this Court, alleging that Selecto manufactures, markets, offers for sale, and sells modular fluid treatment systems that infringe Everpure's U.S. Patent No. 7,294,262 (the "'262 patent"). (*Id.* ¶ 5.) Selecto has moved to transfer venue pursuant to 28 U.S.C. § 1404(a). Selecto argues that Georgia is a more convenient forum for the parties and the witnesses, in large part because Selecto currently has a patent infringement lawsuit pending against Everpure in Georgia. However, Selecto has not demonstrated that the Georgia lawsuit is sufficiently related to the lawsuit currently before this Court, nor has Selecto demonstrated that Georgia would be a more convenient forum for the parties and the witnesses. Accordingly, for the reasons explained more fully below, the Court DENIES Selecto's Motion to Transfer.[1]

## II.   LEGAL STANDARDS FOR A MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

The venue transfer provision of the United States Code provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-

---

[1] Docket No. 42

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2844 AHM (FFMx) | Date | February 3, 2010 |
|---|---|---|---|
| Title | EVERPURE, LLC v. SELECTO, INC. | | |

case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The burden of demonstrating that transfer is appropriate lies with the party moving to transfer the case. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 n. 22 (9th Cir. 2000).

In determining whether the moving party has met its burden, a district court should consider several factors in addition to the convenience the witnesses, including "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* at 498-99. Additionally, the Court should consider "the relevant public policy of the forum state, if any." *Id.* at 500. A state's public policy interests may include the size of its Court's docket, the interest in having local controversies decided at home, avoiding conflict of law problems and avoiding burdening citizens of an unrelated forum with jury duty. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

## III. DISCUSSION

### A. Plaintiff's choice of forum

Everpure's choice of California as the forum in which to litigate this dispute is entitled to deference, but it is not determinative. Because Everpure is not a California corporation, its choice of forum is entitled to less deference. *See* William W. Schwarzer *et al.*, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 4:761 (2009) ("[W]here [the] plaintiff has commenced the action in a forum that is not his or her residence . . . [the] plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion.").

### B. The parties' contacts with the forum and the contacts relating to Plaintiff's causes of action

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2844 AHM (FFMx) | Date | February 3, 2010 |
|---|---|---|---|
| Title | EVERPURE, LLC v. SELECTO, INC. | | |

In evaluating whether the convenience of the parties and the interests of justice would be served by a transfer, courts consider the extent of the parties' contacts with the forum and the strength of the contacts that relate to the plaintiff's cause of action. Here, Everpure's claims arise out of Selecto's manufacture, use, and offering for sale of modular fluid treatment systems (the "accused devices") that allegedly infringe Everpure's '262 patent. (Compl. ¶ 5.) Selecto has failed to establish that these claims are local to Georgia or that it would be more efficient or just for this case to be litigated in Georgia.

The commercial version of the system illustrated and described in the '262 patent was designed by John Tadlock while he was an employee of StaRite Industries, LLC in Delvan, Wisconsin. (Tadlock Decl. ¶¶ 2, 7-8.) Selecto directs the development and manufacture of the accused products in Georgia, and ships them from its warehouse in Georgia. (Levy Decl. ¶¶ 4-7.) Selecto markets and distributes the accused devices throughout the United States, including the Central District of California, through an independent distributor.

Everpure, on the other hand, has no facilities in Georgia, and none of the persons involved in the design, engineering, manufacture, support or marketing of the modular fluid treatment system disclosed in the '262 patent are located in Georgia. (Saveliev Decl. ¶¶ 46-49.) Everpure operates primarily out of its headquarters in Illinois, but the modular fluid treatment system that embodies its '262 patent was designed, tested, and marketed partially in this District. (*Id*. ¶¶ 19, 29.) Everpure also currently operates a facility in this District under the brand name SHURFlo LLC, a company that Everpure took over in 2008. (*Id*. ¶ 8.) Everpure claims that its employees at this facility conduct sales support, marketing, business strategy, design, development, and testing of the modular fluid treatment system that embodies the claims of the '262 patent. (*Id*. ¶ 9.) Selecto disputes Everpure's assertions regarding the extent of Everpure's operations out of this facility, and contends that Everpure actually conducts all of these operations out of Hanover Park, Illinois. (Reply at 4.) Even assuming Selecto's assertions are true, they do not establish that Georgia is a more convenient forum than California. As the Ninth Circuit has observed, "[s]ection 1404(a) provides for transfer to a more convenient forum, 'not to a forum likely to prove equally convenient or inconvenient,' and a 'transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer.'" *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (quoting

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2844 AHM (FFMx) | Date | February 3, 2010 |
|---|---|---|---|
| Title | EVERPURE, LLC v. SELECTO, INC. | | |

*Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)), vacated on other grounds *Bush v. Gherebi*, 542 U.S. 952 (2004).

### C. The Georgia lawsuit

Courts may also consider whether there is a related case pending in another district in deciding whether to transfer a case. *See* William Schwarzer, et al., CAL. PRACTICE GUIDE: FED. CIV. PROC. BEFORE TRIAL § 4:734 (2009). Selecto contends that this action is related to *Selecto, Inc. v. Everpure, LLC*, No. 1:08-cv-3800-JTC, which is currently pending in the Northern District of Georgia, because "the patents-in-suit in the Georgia Action also cover water filtration technology." (Motion at 7.) However, Selecto has not provided any evidence that this action and the Georgia action involve the same patents or accused devices. In the Georgia Action, Selecto has alleged that certain water filtration cartridges—not modular fluid treatment systems—that are manufactured and sold by Everpure and Pentair Filtration, Inc. infringe two of Selecto's patents. (*See* Compl., Case No. 1:08-cv-3800-JTC, ¶ 5.) Neither of the patents that are the subject of the Georgia action is involved in the action before this Court. Selecto has not provided any evidence that there would be any overlap in discovery in the two cases. Although the parties in the Georgia action and the one before this Court are similar (although not identical, as Pentair is not a party to this action), the Georgia action involves different patents and accused products, and is thus not sufficiently related to warrant transfer to Georgia. The mere *similarity* of patents and identity of parties is insufficient to warrant a discretionary transfer.

### D. Convenience of witnesses

Convenience of the witnesses "is often the most important factor" in determining whether to transfer a case under section 1404(a). William Schwarzer, *et al.*, CAL. PRACTICE GUIDE: FED. CIV. PROC. BEFORE TRIAL § 4:733 (2009). To demonstrate inconvenience, the moving party "should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action . . . The court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony." *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996). *See also* William Schwarzer, *et al.*, CAL. PRACTICE GUIDE: FED. CIV. PROC. BEFORE TRIAL § 4:733

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2844 AHM (FFMx) | Date | February 3, 2010 |
|---|---|---|---|
| Title | EVERPURE, LLC v. SELECTO, INC. | | |

(2009) ("The court will want to know who the witnesses are, where they are located, what their testimony will be and why such testimony is relevant or necessary.").

Selecto argues that Georgia is a more convenient forum because the majority of its witnesses are located in Georgia. Selecto has not, however, alleged that any witnesses who are located outside of California would be unable to travel to California. Nor does Selecto identify any specific witnesses who are located in Georgia; instead, it states simply that the "individuals most familiar with the research, development, manufacturing and sales of the allegedly infringing goods are located in Georgia." (Motion at 6:24-26.) This is insufficient to establish that transfer is warranted based on convenience to witnesses. *See Bohara v. Backus Hosp. Medical Benefit Plan,* 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ("[I]f the transfer is for the convenience of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them.").

Everpure, on the other hand, identifies at least eight witnesses who were formerly or currently are employed at its facility in California and who have knowledge that is material to this action. (Saveliev Decl. ¶ 42.) While Selecto argues that these witnesses have "virtually no first-hand knowledge of the design of the commercial version of the water treatment system described in the '262 patent," the witnesses that Selecto identifies as having first-hand knowledge of the system are located in states other than Georgia. (Reply at 3.) Specifically, the inventor of the '262 patent, whom Selecto characterizes as a "critical fact witness," lives in Chicago, Illinois. (Everpure, LLC's Initial Rule 26(a) Disclosure Statement at 3.)

The Federal Circuit's decision in *In re TS Tech*, 551 F.3d 1315 (Fed. Cir. 2008), which Selecto relies heavily on in support of its motion, is distinguishable from the case at bar. In *TS Tech*, the Federal Circuit—applying Fifth Circuit law—held that the district court erred in denying a motion to transfer a patent case from the Eastern District of Texas to the Southern District of Ohio. In *TS Tech*, "all" of the physical evidence was located in or near the Ohio venue, and none was located in Texas. Additionally, all of the identified key witnesses were in Ohio, Michigan, and Canada. *Id.* at 1320. The facts that the Federal Circuit relied on in *TS Tech* are not present here. In the case at hand, there is physical evidence and witnesses located in this District, and the moving party has not identified any specific witnesses who reside in the district to which it seeks to have the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2844 AHM (FFMx) | Date | February 3, 2010 |
|---|---|---|---|
| Title | EVERPURE, LLC v. SELECTO, INC. | | |

case transferred.

### E. Differences in costs in litigating in Georgia and California

Selecto argues that because Everpure has a greater ability to absorb the costs associated with litigating in a distant forum, Selecto's choice of forum should be entitled to greater deference. Selecto is correct that the relative means of the parties is a relevant factor; however, both Selecto and Everpure are large, national corporations with the resources to litigate this dispute in either district. While Selecto is not as large or profitable as Everpure, Selecto's gross sales last year were nearly $15 million. (Reply at 6.) Additionally, Selecto's focus on the location of Everpure's attorneys is irrelevant to this Motion. *See* William W. Schwarzer et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 4:750 (2009) (noting that courts will generally not consider the convenience of counsel in ruling on a discretionary transfer).

## III. CONCLUSION

Selecto has failed to show that "the convenience of parties and witnesses" and "interest of justice" requires transfer of this lawsuit to Georgia. Accordingly, Selecto's Motion to Transfer Venue is DENIED.[2]

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

:

Initials of   Preparer          SMO

---

[2]