1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA,

## WESTERN DIVISION

7
8
9

| | |
|---|---|
| 10 EVERPURE, LLC, | CASE NO. 2:CV-09-02844-AHM-FFM |
| 11 Plaintiff, | [~~PROPOSED~~] STIPULATED |
| 12 vs. | PROTECTIVE ORDER |
| 13 SELECTO, INC., | Magistrate Judge:  Hon. Frederick Mumm |
| 14 Defendant. | Courtroom:  E |

15
16
17
18

NOTE: CHANGES MADE BY THE COURT

19
20
21
22
23
24
25
26
27
28

---

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

*PHX 329,203,474v1*

## STIPULATED PROTECTIVE ORDER

Plaintiff Everpure, LLC ("Everpure") and Defendant Selecto, Inc. ("Selecto") (collectively, the "parties," and each individually, a "party") recognize that the parties and third parties may be required, pursuant to discovery, to disclose confidential, proprietary, trade secret or private information in *Everpure, LLC v. Selecto, Inc.*, No. 2:CV 09-02844-AHM-FFM (the "Litigation"). To protect against the improper use or disclosure of such information, the parties agree that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), in the above-captioned action as evidenced by the signatures of respective counsel, and accordingly stipulate as follows:

## IT IS HEREBY ORDERED BY STIPULATION OF THE PARTIES THAT:
### PROCEEDINGS AND FORM OF INFORMATION GOVERNED

1. This Protective Order shall govern the handling, disclosure, and use of all information which is furnished orally, in writing, by visual inspection or otherwise, by, through or on behalf of any party, or third party (the "Disclosing Party") to any other party (the "Receiving Party") **pursuant to discovery in this** Litigation. "Information" includes, but is not limited to, documents and things produced by any Disclosing Party to another party, responses to requests to produce documents or things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, excerpts, summaries, compilations, designations, and portions thereof, and all electronically compiled, stored, and recorded versions thereof, as well as testimony and oral conversations derived there from or related thereto.

### DEFINITIONS

2. As used in this Protective Order, the terms "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" mean all information of a scientific, technical and/or commercial nature of any sort including, but not limited to, Trade Secrets (as that

1

*PHX 329,203,474v1*

term is defined in California Civil Code § 3426.1)[1] and other proprietary technical, research and development information; commercial, financial, budgeting, and accounting information; information about existing and potential customers; marketing studies, projections, and market performance information; information about business strategies, decisions, and negotiations; information relating to sales and marketing (including, but not limited to, sales data, pricing data, customer lists, or customer services); shipping data (including, but not limited to, shipment size and date); invoicing information; manufacturing cost information; profit and loss information; marketing and strategic planning information (including, but not limited to, market share and marketing segment information); information pertaining to work with third party collaborators and licensees; non-public correspondence with the United States and foreign patent offices; proprietary information about affiliates, parents, and subsidiaries; and information pertaining to third parties with whom a party has had or is maintaining a business relationship.

3. The term "HIGHLY CONFIDENTIAL INFORMATION" shall mean all information defined as Confidential Information in Paragraph 2 herein that the designating party reasonably believes should be further limited in its disclosure to individuals as defined in Paragraph 14 herein because such information (a) involves highly sensitive proprietary research and development and/or highly sensitive technical information or Trade Secret information; (b) involves highly sensitive business-related financial or commercial information; or (c) involves unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office.

---

[1] "Trade Secrets" accordingly means "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.

[PROPOSED] STIPULATED PROTECTIVE ORDER

*PHX 329,203,474v1*

4.     Everpure and Selecto shall be referred to individually as a "party" and collectively as the "parties."

5.     The term "Outside Counsel" shall mean the attorneys and support staff for each of the parties' outside counsel of record involved in the representation of that party in this Litigation.

6.     The term "Designated Party Representative" shall refer to the following representatives for each party:

(a)     For Everpure:  Angela Lageson.

(b)     For Selecto:  Ehud Levy.

(c)     All parties agree that they may change or appoint additional Designated Party Representatives at any time, subject to the prior approval of all other parties.

7.     The Designated Party Representatives and Outside Counsel agree that any person who has reviewed another parties' Confidential and Highly Confidential Information that in any way relates to the structure or operation of any device, system, process, or product designed, developed, made, sold, or offered for sale by the Parties shall use this information, if at all, for purposes of this Litigation or other litigation between the parties only and for no other purpose whatsoever, including, but not limited to patent prosecution (including reexamination proceedings) relating to the subject matter of the Confidential or Highly Confidential Information.

## DESIGNATION OF CONFIDENTIAL INFORMATION

8.     Each party to this Litigation and any third party who produces or discloses any documents, things, interrogatory answers, responses to requests for admissions, deposition ~~or trial~~ testimony, or other information which the Disclosing Party wishes to be subject to this Protective Order may designate and shall mark the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."   Information so designated will be limited to information which the Disclosing Party reasonably believes to be non-public, proprietary and/or confidential pursuant to Rule 26(c).

[PROPOSED] STIPULATED PROTECTIVE ORDER

*PHX 329,203,474v1*

9.     The designation of Confidential Information shall be made at the following times:

    (a)     For documents and things, at the time such materials, or copies thereof, are first delivered to the Receiving Party or within fifteen (15) days thereafter.  Until the expiration of such fifteen (15) day period, all information shall be treated by the Receiving Party as Confidential Information, notwithstanding the absence of a label.  With respect to information which is comprised of multiple pages, disks, sheets, etc., each page of each document, each disk of each group, each sheet of each group of sheets, etc. shall be labeled as set forth in Paragraph 8 above;

    (b)     For written responses to interrogatories or requests for admissions, at the time of service of the written response;

    (c)     For affidavits, declarations, and pleadings, at the time of the filing of such affidavit, declaration, or pleading;

    (d)     For deposition testimony, at the time the testimony is given or in writing within thirty (30) days after receipt by the designating party of the transcript of the deposition; and

    (e)     For oral disclosures, other than deposition testimony as previously addressed, through confirmation in writing within ten (10) days of the first disclosure thereof.

10.    If a Disclosing Party elects to produce original files and records for inspection and the inspecting party desires to inspect those files, no confidentiality designations need be made by the Disclosing Party in advance of the initial inspection, but the party inspecting such files and records shall maintain the confidentiality of all those original files and records that it reviews.  Thereafter, upon selection of specified documents for copying by the inspecting party, the Disclosing Party shall mark the copies

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   of such documents as may contain protected subject matter with the appropriate

2   designation at the time the copies are produced to the inspecting party.

3          11.     In the event anyone shall violate or threaten to violate the terms of

4   this Protective Order, the parties agree that the aggrieved party may immediately apply to

5   the Court to obtain injunctive relief against any such violation or threatened violation,

6   and in the event the aggrieved party shall do so, the respondent, subject to the provisions

7   of this Protective Order, shall not employ as a defense thereto any claim that the

8   aggrieved party possesses an adequate remedy at law.  The parties and any other person

9   subject to the terms of this Protective Order agree that this Court shall retain jurisdiction

10   over it and them for the purpose of enforcing this Protective Order, notwithstanding any

11   subsequent disposition of this Litigation.

12                  **<u>USE OF AND ACCESS TO CONFIDENTIAL INFORMATION</u>**

13          12.     The Receiving Party shall maintain Confidential Information in strict

14   confidence and not disclose the same to another or otherwise allow the same to be made

15   part of the public record of this Litigation, and shall not use such Confidential

16   Information for any purpose whatsoever except for the purpose of this Litigation and the

17   litigation currently pending between the parties in the Northern District of Georgia styled

18   as *Selecto, Inc. v. Everpure, LLC and Pentair Filtration, Inc.*, Cause No. 1:08-CV-3800-

19   JTC (the "Georgia Action").

20          13.     Notwithstanding a party's designation of information as Confidential

21   Information, if during any court hearing Confidential Information is described or referred

22   to, the hearing shall, in the Court's discretion, be held in open court.  The Disclosing

23   Party may request that the proceeding be conducted out of the presence of all unqualified

24   persons, and any transcript relating thereto shall, subject to the Court's approval, be

25   marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and be filed under seal.

26          14.     Other than by the designating party, any document or thing designated

27   as "HIGHLY CONFIDENTIAL" may only be disclosed to:

28             (a)     The Court and court personnel;

[PROPOSED] STIPULATED PROTECTIVE ORDER

*PHX 329,203,474v1*

(b)    Outside Counsel for the Receiving Party, their secretarial, clerical and paralegal staffs, and litigation support providers (for example, outside copy services, graphic artists and visual aid providers, and jury consultants and mock jurors) whose duties and responsibilities require access to such information;

(c)    Experts and consultants who are not present employees of any party, or of any parent, subsidiary, affiliate or related company of any party, and the secretarial and clerical staffs of such experts and consultants, who are requested by counsel of the Receiving Party to furnish consulting and/or expert services in connection with the Litigation, provided, however, before any disclosure of such information of the Disclosing Party is made to an expert or a consultant of the Receiving Party, Outside Counsel for the Receiving Party shall (i) provide the expert or consultant with a copy of this Protective Order, (ii) explain to the expert or consultant its terms, and (iii) obtain the expert's or consultant's written agreement to comply with and be bound by its terms;

(d)    An officer before whom a deposition is taken, including stenographic and videographic reporters and any necessary secretarial, clerical or other lay personnel of such officer;

(e)    Any other person agreed to by the parties in writing or allowed by the Court; and

(f)    Any person specifically identified in an item containing or comprising such information as an author or recipient of such item or a copy thereof.

15.    Other than by the designating party, any document or thing designated as "CONFIDENTIAL" may only be disclosed to:

[PROPOSED] STIPULATED PROTECTIVE ORDER

*PHX 329,203,474v1*

(a)    The individuals listed in Paragraph 14 above under the terms described therein; and

(b)    The Designated Party Representatives.

16.    Notwithstanding the provisions of Paragraphs 14 and 15 above, the Designated Party Representatives shall be permitted to review any brief in draft or final form.  The Designated Party Representatives shall not be permitted to review HIGHLY CONFIDENTIAL Information supporting such brief, including exhibits, other than as excerpted, summarized, or referred to in such brief.  The parties will exercise good faith in determining what HIGHLY CONFIDENTIAL Information is included in the draft and will not include HIGHLY CONFIDENTIAL Information in the draft that the party does not intend to include in the final brief for the purpose of sharing such information in violation of this Protective Order.

17.    All Confidential Information shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

18.    Nothing in this Protective Order shall prevent or otherwise restrict Outside Counsel for the Receiving Party from rendering legal advice to such party with respect to the Litigation and, in the course thereof, relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the party, Outside Counsel shall not disclose Disclosing Party's Confidential Information.

19.    Nothing herein shall prevent any party from disclosing its own Confidential Information in any manner that it considers appropriate.  Additionally, Outside Counsel for the Receiving Party shall be entitled to show or use Disclosing Party's Confidential Information, during examination, either at deposition or at any hearing or trial, of any officer, employee or retained expert of the Disclosing Party. Outside Counsel for Receiving Party shall also be entitled to show or use Disclosing Party's Confidential Information, during examination, either at deposition or at any

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

PHX 329,203,474v1

1 hearing or trial, of any person who is apparently an author, creator or recipient of the
2 Confidential Information.

3 ### DISCLOSURE TO EXPERTS AND CONSULTANTS

4       20.    Confidential Information of the Disclosing Party shall not be
5 disclosed to any expert or consultant of the Receiving Party until ten (10) days after said
6 expert or consultant is identified in writing, and a curriculum vitae is provided to Outside
7 Counsel for the Disclosing Party.  Such identification shall also include a list of all
8 publications authored by such expert or consultant within the preceding ten (10) years
9 and a listing of any other cases in which the expert or consultant has testified as an expert
10 at trial or by deposition within the preceding four (4) years.

11       21.    If, within ten (10) days of receipt of such written identification, the
12 Disclosing Party objects to such expert or consultant having access to Confidential
13 Information of the Disclosing Party, such Confidential Information shall not be disclosed
14 to the expert or consultant for a ten (10) day period commencing on the date of the
15 objection.  If within that ten (10) day period (a) the parties are unable to resolve the
16 objection(s) raised by the Disclosing Party and (b) the Disclosing Party moves the Court
17 for a further protective order, then the Disclosing Party's Confidential Information shall
18 not be disclosed to said expert or consultant until the Court rules on the Disclosing
19 Party's motion. The Disclosing Party shall seek leave to have any such motion set for the
20 earliest possible date on the Court's motion calendar.  The filing and pendency of such
21 motion shall not limit, delay, or defer any disclosures of the Confidential Information to
22 persons as to whom no such objection has been made.

23       22.    The parties agree that their identification of consultants pursuant to
24 this section who are not expected to be called as witnesses at trial, shall not constitute or
25 be construed as a waiver by any party of any applicable attorney-client privilege or work
26 product exemption, or any other rights possessed by that party under Fed. R. Civ. P.
27 26(b)(4).

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

*PHX 329,203,474v1*

# DEPOSITIONS

23. Depositions or portions thereof shall constitute Confidential Information if, and only if, (a) during the course of the deposition Outside Counsel for any party on the record so designates the same, or (b) within thirty (30) days of the date of receipt of the written transcript, Outside Counsel for a party notifies Outside Counsel for the other parties in writing of the contents, or portions thereof, by page(s) and line(s) of the transcript, which contain Confidential Information.  Until the expiration of such thirty (30) day period, all information disclosed during the course of any deposition shall be treated by the Receiving Party as Confidential Information.

24. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

(a) Said deposition or portions thereof shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and made subject to the provisions of this Protective Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions after transcription;

(b) The Disclosing Party shall have the right to exclude from attendance at said deposition, during such time as its Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be disclosed, any person other than the deponent, Outside Counsel (including their staff and associates), the court reporter, and the person(s) permitted access to such information pursuant to Paragraphs 14 or 15 above; and

(c) The originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Protective Order, and not opened except by order of this Court.

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

## DISPUTES REGARDING
## DESIGNATION OF CONFIDENTIAL INFORMATION

25.     The Disclosing Party will endeavor to restrict access to Confidential Information by use of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designations in good faith and will, at all times, have the burden to show the required good cause under Rule 26(c) for its designation should the designation be questioned by any other party.  If a party receiving an item of Confidential Information so designated reasonably believes that the information has been improperly designated, the Receiving Party must provide an objection in a reasonable manner to the Disclosing Party, specifying the documents, information or other things whose designation is objected to, and the basis for the objection.  The objection may be initially oral but must be confirmed in writing.  The Disclosing Party must respond to the objection within five (5) business days after delivery of the objection.  If the parties cannot reach agreement regarding the objected to designations, the objecting party shall have the right to bring before the Court the question of whether any particular information is improperly designated.   The challenged designation shall remain in effect until changed by order of the Court or agreement of the designating party.  This Protective Order does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of documents and things.  This Protective Order also does not alter any procedures for resolving discovery disputes established by this Court.

26.     Outside Counsel for a non-designating party shall have the right to assert that any information designated as Confidential Information is, in fact, in the public domain.  Any information, which prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or person who, absent this Protective Order, is under no restriction with respect to the dissemination of such Confidential Information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a Receiving Party, shall be deemed to be in the public domain.  A non-designating party asserting that Confidential

[PROPOSED] STIPULATED PROTECTIVE ORDER

*PHX 329,203,474v1*

Information is in the public domain shall, prior to any disclosure thereof, either obtain the approval in writing of the designating party, or the approval of the Court to make such disclosure.

## NO WAIVER

27.     It is preferred that Confidential Information be designated as Confidential Information prior to, or contemporaneously with, the production or disclosure of the information.  However, a Disclosing Party having produced or disclosed information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may later designate such information as Confidential Information by giving written notice to Outside Counsel of the Receiving Party.  Under such circumstances, no Receiving Party shall have any obligation or liability due to any disclosure of the information which occurred prior to the receipt of such notice.  In addition, no Receiving Party shall be obligated to object to any designation of confidentiality within any specific time period.

28.     Other than as specified herein, the taking of or the failure to take any action to enforce any provision of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this Litigation or any other litigation, such right including but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information does or does not embody Trade Secrets of any party.  The designation or lack of designation of information as Confidential Information shall not constitute an admission that such information is or is not confidential or proprietary.  The procedures set forth herein shall not affect the rights of parties to object to discovery on grounds other than those related to Trade Secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

29.     Inadvertent production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or

*PHX 329,203,474v1*

immunity shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity, provided that the Disclosing Party (a) took reasonable steps to prevent disclosure, and (b) promptly took reasonable steps to rectify the error, including notifying the Receiving Party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents and all copies thereof shall promptly be returned to the Disclosing Party upon request.  No use shall be made of such documents other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them.  No demonstration or proof of error, excusable neglect, or absence of negligence shall be required of the Disclosing Party in order for such party to avail itself of the provisions of this Paragraph.

### FILING OF CONFIDENTIAL INFORMATION

30.    All deposition transcripts, exhibits, answers to interrogatories, and other written forms of disclosures and information **submitted for filing** with the Court pursuant to pretrial discovery of any party in the Litigation, which have previously been designated by a party as Confidential Information, and any pleading, brief and/or memorandum purporting to reproduce, characterize and/or paraphrase such material, shall be **submitted for filing** in a sealed envelope or other appropriate sealed container on which shall be endorsed the caption of the Litigation, the words "CONFIDENTIAL MATERIAL" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER" (as an indication of the nature of the contents) and a statement in substantially the following form:

> The envelope/container, filed in this case by (name of party), is
> not to be opened, nor are the contents thereof to be displayed or
> revealed, except by order of the Court or consent of the parties.

[PROPOSED] STIPULATED PROTECTIVE ORDER

PHX 329,203,474v1

**Such submission shall be accompanied by an application pursuant to Local Rule 79-5.**

In order to enable the Court to determine whether there is evidence that the Court should attempt not to disclose, if a party or non-party **submits for filing** with the Court any documents that contain, refer to, or rely on Confidential Information, all such documents shall clearly identify the particular aspects of the documents that contain, refer to, or rely upon such Confidential Information. Absent such notification, the Court will be free to incorporate all such documents and any information contained, referred to, or relied upon therein in its written and oral rulings. The parties may do so at any time prior to the hearing or trial at which the material may be used. Under circumstances in which a ruling is likely to be made without a hearing, the parties may do so within one day of the filing.

31.     ~~The clerk of the Court shall be directed to keep and maintain under seal until further order by the Court all materials which have been identified as Confidential Information and which have been filed with the Court in this Litigation, whether filed prior to or during trial and regardless of the form of the filing~~.

## SUBPOENA OF CONFIDENTIAL
## INFORMATION PRODUCED IN THE LITIGATION

32.     In the event Confidential Information disclosed during the course of the Litigation is sought by any person or entity not a party to this Litigation, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall promptly notify in writing Outside Counsel for the other party(ies) if such subpoena or service demands the production of Confidential Information of such other party(ies). Any such person or entity seeking such Confidential Information by attempting to enforce such subpoena or other legal process shall be apprised of this Protective Order by Outside Counsel for the party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring

[PROPOSED] STIPULATED PROTECTIVE ORDER

*PHX 329,203,474v1*

anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

## TERMINATION OF LITIGATION

33.     Within sixty (60) days of the final disposition of this Litigation and the Georgia Action, including any and all appeals, Outside Counsel for the Receiving Party shall return to the Disclosing Party all Confidential Information disclosed hereunder (including all copies thereof); and shall deliver to the Disclosing Party or its Outside Counsel, written confirmation that there has been compliance with the terms of this Paragraph 33 or that there has not been compliance and the reason for such noncompliance, upon receipt of which the Disclosing Party may make application to the Court for such further order as may be appropriate; provided, however, Outside Counsel may retain one copy of the pleadings and other papers filed with the Court or served in the course of the Litigation, including depositions, deposition exhibits and the trial record, and work product that includes aspects of Confidential Information, subject to the obligations hereunder, and for purpose of compliance with any further order of the Court.

## CHANGES TO THIS PROTECTIVE ORDER

34.     This Protective Order may be changed only by written agreement of the parties or further order of the Court, and is without prejudice to the rights of any party to seek relief from or variation of any of its provisions.

## CONTINUING OBLIGATIONS OF CONFIDENTIALITY

35.     Except as otherwise expressly provided herein above, the obligations of this Protective Order shall survive the termination of both the Litigation and the Georgia Action and continue in full force and effect.

## OTHER PROCEEDINGS

36.     By entering into this Protective Order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude another court from finding that Confidential Information may be relevant and subject to disclosure in another

PHX 329,203,474v1

case.   Any person or party subject to this Protective Order that may be subject to a motion to disclose another party's Confidential Information, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that Confidential Information should be disclosed.

## MISCELLANEOUS

37.   Nothing herein shall prevent any party or non-party from seeking additional or different relief from the Court not specified in this Protective Order.

38.   The section titles in this Protective Order are for convenience of organization only, and are not part of, nor are they relevant to the construction of this Protective Order.

**IT IS SO ORDERED.**

DATED: March 5, 2010                    /S/ FREDERICK. F. MUMM _____
                                        Hon. Frederick F. Mumm
                                        United States District Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

PHX 329,203,474v1